IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCHROEDER-MANATEE RANCH, INC.,
a Delaware Corporation,

           Plaintiff,

    vs.                                CASE NO.

VINCENT VIZZACCARO, P.A. d/b/a
Fine Properties, a Florida Professional Association;
VINCENT VIZZACCARO, an individual,

           Defendants.

_____/

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE AND MISLEADING ADVERTISING AND
FALSE DESIGNATION OF ORIGIN, FEDERAL TRADEMARK
DILUTION, TRADEMARK INFRINGEMENT UNDER FLORIDA
LAW, INJURY TO BUSINESS REPUTATION AND DILUTION,
VIOLATION OF ANTICYBERSQUATTING CONSUMER
PROTECTION ACT, SPECIFIC PERFORMANCE,
<u>INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, SCHROEDER-MANATEE RANCH, INC., hereby sues Defendants,

VINCENT VIZZACCARO, P.A., dba Fine Properties and VINCENT VIZZACCARO, an

individual (hereinafter collectively "Defendants" or "VIZZACCARO"), and alleges:

<u>PARTIES</u>

1.    Plaintiff, SCHROEDER-MANATEE RANCH, INC. (hereinafter "SMR"), is a

corporation incorporated under the laws of the State of Delaware and has its principal

place of business at 14400 Covenant Way, Lakewood Ranch, Florida 34202.

2.    SMR is engaged in various businesses, including providing real estate

services, real estate management and real estate development services.

3.     On information and belief, Defendant, VINCENT VIZZACCARO, P.A., dba Fine Properties (hereinafter "Vincent Vizzaccaro, P.A."), is a professional corporation organized under the laws of the State of Florida with a principal business address at 5220 Paylor Lane, Lakewood Ranch, Florida 34240 and within the jurisdiction of the Middle District of Florida.

4.     On information and belief, Defendant VINCENT VIZZACCARO (hereinafter "Vincent Vizzaccaro") is an individual residing at 5716 Mulligan Way, Lakewood Ranch, Florida 34211 and within the jurisdiction of the Middle District of Florida. Vincent Vizzaccaro is believed to be the alter ego of Vincent Vizzaccaro, P.A. and directs and/or manages its operations.

5.     On information and belief, Defendants are engaged in the principal business of providing real estate services.

JURISDICTION AND VENUE

6.     The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1338, and this action arises under the Lanham Act, 15 U.S.C. §1125, et seq., §1114, et seq., and under statutory and common law.

7.     The Court has supplemental or pendent jurisdiction of all claims arising under the laws of the State of Florida.

8.     The Court has personal jurisdiction over Defendants because they transact business in the State of Florida, including by transacting business with consumers and others in the State of Florida and directing their advertising to Florida consumers.

9.     Venue is proper in the Middle District of Florida is district because the parties reside in this district, and the events, omissions and acts that are the subject matters of this action occurred within the Middle District of Florida.

FACTUAL BACKGROUND

10.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as if fully set forth herein.

11.    SMR is the owner of United States Trademark Registration No. 2,155,900 for the service mark LAKEWOOD RANCH® for real estate management services and real estate development services.  This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register. A copy of this registration is attached hereto as Exhibit A. The right of SMR to use this registered mark has become incontestable under 35 U.S.C. §1065.  SMR or its licensees have continuously used the service mark LAKEWOOD RANCH in connection with real estate management services and real estate development services.

12.    SMR is also the owner of United States Trademark Registration No. 2,155,899 for the service mark LAKEWOOD RANCH® (stylized with design) for real estate management services and real estate development services.  This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register. A copy of this registration is attached hereto as Exhibit B.  The right of SMR to use this registered mark has become incontestable under 35 U.S.C. §1065.  SMR or its licensees have continuously used the service mark LAKEWOOD RANCH (stylized with design) in connection with real estate management services and real estate development services.

13.    SMR is also the owner of United States Trademark Registration Nos. 1,924,364 and 5,280,864 for the stylized bird logo service mark (hereinafter "bird logo") for real estate management services and real estate development services. The '364

service mark has been in continuous use in interstate commerce since at least as early as January 26, 1994, and was registered on October 3, 1995, on the Principal Register. This '864 service mark has been in continuous use in interstate commerce since at least as early as April 12, 2016, and was registered on September 5, 2017, on the Principal Register. Copies of these registrations are attached hereto as <u>Exhibit C</u>. The right of SMR to use these registered marks has become incontestable under 35 U.S.C. §1065. SMR or its licensees have continuously used the bird logo service mark in connection with real estate management services and real estate development services.

14. SMR, directly or through one of its subsidiaries, has used the following marks and names (collectively referred to as "SMR's Marks") in association with various real estate services: WWW.LWRWATERSIDE.COM, LAKEWOOD RANCH WATERSIDE, LAKEWOOD RANCH REALTY COMPANY, LWR REALTY, LWR COMMUNITIES, LWR DEVELOPMENT, LAKEWOOD RANCH COMMERCIAL, LWR COMMERCIAL REALTY, LWR-TOWN, and LWR MAIN STREET to name a few. SMR either owns or is authorized to enforce ownership rights in these marks.

15. SMR's LAKEWOOD RANCH, LAKEWOOD RANCH (stylized with design) and SMR's bird logo (referred to collectively herein as "SMR Marks") either are or have become inherently distinctive and famous as applied to SMR's services by reason of the recognition it has acquired in the eyes of the consuming public. SMR has established enviable goodwill and reputation in association with their respective service marks. SMR, its subsidiaries and licensees have adopted and have continuously used the SMR Marks in connection with many types of real estate services, including realty services.

16.     On information and belief, Defendants have been and are using one or more of the SMR Marks or terms that incorporate one or more of the SMR Marks or that are either identical or confusingly similar thereto.

17.     On information and belief, Defendants reserved and are using the www.lakewoodranchsales.com domain and began advertising Defendants realty services using said domain.

18.     On information and belief, Defendants created advertising materials that incorporated various SMR Marks, including the LAKEWOOD RANCH and bird logo service mark and SMR's artwork. A representative sample of Defendants' advertising is attached hereto as Exhibit D.

19.     On information and belief, Defendants are currently operating a business and website using the www.lakewoodranchsales.com domain.

20.     Prior to commencing this action, SMR demanded Defendants cease and desist using one or more of the SMR Marks and to turn over the www.lakewoodranchsales.com domain name registration to SMR.

21.     On or about February 18, 2022, Defendants agreed in writing to comply with SMR's demands and advised it would take "2-3 months" to transfer the www.lakewoodranchsales.com domain name registration. Despite Defendants' agreement, Defendants have continued to actively use the domain, failed to cease using SMR's marks and failed to transfer the www.lakewoodranchsales.com domain name registration to SMR.

22.     Defendants' use of the term Lakewood Ranch and the registration of the www.lakewoodranchsales.com domain name is without authorization or license from Plaintiff. Plaintiff has not consented to Defendants' use of the SMR Marks, the

LAKEWOOD RANCH mark, or any confusingly similar mark, including but not limited to the www.lakewoodranchsales.com domain. Defendants' prior and continued infringing unauthorized use is willful.

### COUNT I
FEDERAL TRADEMARK INFRINGEMENT
15 U.S.C. §1114

23.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24.     SMR is the owner of United States Trademark Registration No. 2,155,900 for the service mark LAKEWOOD RANCH®.  This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register. A copy of this registration is attached hereto as Exhibit A. SMR has used the service mark LAKEWOOD RANCH® in connection with real estate management services and real estate development services.

25.     SMR is also the owner of United States Trademark Registration No. 2,155,899 for the service mark LAKEWOOD RANCH® (stylized with design). This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register.  A copy of this registration is attached hereto as Exhibit B. SMR has used the service mark LAKEWOOD RANCH® (stylized with design) in connection with real estate management services and real estate development services.

26.     As a result of SMR's longstanding use, substantial sales, significant advertising and promotional activities, and distribution of such efforts throughout the United States, the LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks have become well known and accepted by the consuming public. The

LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks serve to distinguish SMR's real estate management and real estate development services from those of others.

27.    SMR, through its own significant efforts and investments, has acquired and now enjoys substantial goodwill and a valuable reputation through the LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks.

28.    The goodwill embodied in SMR's LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks, and consequently SMR's valuable reputation and credibility in the real estate industry, depends on the integrity of SMR's LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks as identification of SMR exclusively as a single source.

29.    SMR believes Defendants' use, advertising, offer, promotion, and offering of their realty services under the LAKEWOOD RANCH SALES name, as well as use of the bird logo and www.lakewoodranchsales.com domain, has infringed and continues to infringe SMR's rights regarding its federal trademark registrations in violation of section 32 of the Lanham Act, 15 U.S.C. §1114.

30.    Defendants' conduct has and will likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendants' realty services originate with SMR, are offered with the approval of SMR, or are offered under SMR's supervision and control.

31.    Defendants' use of one or more of the SMR Marks or terms confusingly similar thereto was and is without SMR's authorization or consent.

32.     On information and belief, Defendants' actions and conduct as referred to herein are and were willful and deliberate because they were intending to trade off of SMR's prior-established goodwill in the SMR Marks.

33.     Defendants' actions violate the exclusive rights of SMR protected by Title 15 U.S.C §1111, et seq.

34.     Defendants' actions described above constitute, inter alia, service mark infringement, as well as unfair competition, which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and quality of Defendants' services in violation of 15 U.S.C. §1114.

**COUNT II**
UNFAIR COMPETITION
15 U.S.C. §1125(a)

35.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

36.     This is an action under 15 U.S.C. §1125(a) for Federal Unfair Competition.

37.     As a result of the longstanding use, substantial sales, significant advertising and promotional activities, and widespread distribution of such efforts throughout the United States, the SMR Marks have become well known and accepted by the public. The SMR Marks used by Plaintiff serve to distinguish Plaintiff's and one or more of their subsidiaries' services from those of others.

38.     SMR, through significant efforts and investments, has acquired and now enjoys substantial goodwill and a valuable reputation through their respective SMR Marks.

39.    The goodwill embodied in the SMR Marks, and consequently Plaintiff's valuable reputation and credibility in the real estate industry, depends on the integrity of the SMR Marks it uses and owns as identification exclusively of a single source.

40.    Plaintiff believes Defendants' use of the www.lakewoodranchsales.com domain, LAKEWOOD RANCH mark and the bird logo, has or is likely to cause confusion, or to cause mistake, cause initial interest confusion, or to deceive the public into believing that Defendants' services originate with Plaintiff, are offered with the approval of Plaintiff, or are distributed, promoted, or offered under Plaintiff's supervision and control.

41.    Defendants' use of the www.lakewoodranchsales.com domain, LAKEWOOD RANCH mark and bird logo mark was without Plaintiff's authorization or consent.

42.    By their acts alleged herein, Defendants have falsely designated and represented services provided in commerce in violation of 15 U.S.C. §1125(a), have used the goodwill of Plaintiff to sell Defendants' own services and have otherwise competed unfairly with Plaintiff.

43.    On information and belief, Defendants' actions and conduct as referred to herein are and were willful and deliberate and Defendants are committing the acts complained with full knowledge that their acts are unlawful.

44.    Defendants' actions violate the exclusive rights of Plaintiff protected by Title 15 U.S.C §1111, et seq.

45.    Defendants' actions described above constitute, inter alia, unfair competition, which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and quality of Defendants' services in violation of 15 U.S.C. §1125(a).

## COUNT III
### FALSE AND MISLEADING ADVERTISING AND
### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. §1125(a)

46.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

47.     This is an action under 15 U.S.C. §1125(a) for False and Misleading Advertising and False Designation of Origin.

48.     As a result of the longstanding use, substantial sales, significant advertising and promotional activities, and widespread distribution of such efforts throughout the United States, the SMR Marks have become well known and accepted by the public. The SMR Marks used by Plaintiff serve to distinguish Plaintiff's and one or more of their subsidiaries' services from those of others and to distinguish the Lakewood Ranch community from other communities.

49.     Plaintiff, through significant efforts and investments, has acquired and now enjoys substantial goodwill and a valuable reputation through their respective SMR Marks.

50.     The goodwill embodied in the SMR Marks, and consequently Plaintiff's valuable reputation and credibility in the real estate industry, especially the local real estate industry, depends on the integrity of the SMR Marks it uses and owns as identification exclusively of a single source.

51.     Defendants' use in commerce of the domain www.lakewoodranchsales.com, LAKEWOOD RANCH mark, and bird logo mark was without Plaintiff's authorization or consent.

52.    By their acts alleged herein, Defendants have falsely designated and represented services provided in commerce in violation of 15 U.S.C. §1125(a), have used the goodwill of Plaintiff to sell Defendants' own services and have otherwise competed unfairly with Plaintiff.

53.    On information and belief, Defendants' actions and conduct as referred to herein are and were willful and deliberate and Defendants are committing the acts complained with full knowledge that their acts are unlawful.

54.    Defendants' actions violate the exclusive rights of Plaintiff protected by Title 15 U.S.C §1111, et seq.

55.    Defendants' actions described above constitute, inter alia, unfair competition, which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and quality of Defendants' services in violation of 15 U.S.C. §1125(a).

**COUNT IV**
FEDERAL TRADEMARK DILUTION
15 U.S.C. §1125(c)

56.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

57.    The LAKEWOOD RANCH® mark is distinctive and famous among consumers. The Federal Registration for the LAKEWOOD RANCH® mark has become incontestable.

58.    On information and belief, Defendants' use of the LAKEWOOD RANCH® mark(s) dilutes or is likely to dilute the distinctive quality of the SMR Marks. On information and belief, Defendants' use of the LAKEWOOD RANCH terms began only

recently and well after SMR's registration of its marks and after SMR had developed substantial recognition of SMR's registered mark by consumers.

59.     By virtue of Defendants' actions hereinabove pleaded, Defendants have and will continue to, jointly and severally, dilute SMR's LAKEWOOD RANCH® marks if not enjoined by the Court.

60.     Defendants' aforesaid activities constitute violations of 15 U.S.C. §1125(c) in that Defendants' activities are likely to dilute the uniqueness and/or distinctiveness of SMR's LAKEWOOD RANCH® marks.

61.     SMR has suffered, is suffering, or will suffer, irreparable damage to its business reputation unless Defendants are restrained by the Court.

**COUNT V**
TRADEMARK INFRINGEMENT
COMMON LAW

62.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

63.     This is an action under Florida Common Law for Trademark Infringement.

64.     As a result of SMR and its subsidiaries' longstanding use, substantial sales, significant advertising and promotional activities, and widespread distribution of such efforts throughout the United States, the SMR Marks have become well known and accepted by the public.  The SMR Marks serve to distinguish SMR and/or its subsidiaries' services from those of others.

65.     SMR and/or its subsidiaries, through significant efforts and investments, has acquired and now enjoys substantial goodwill and a valuable reputation through the SMR Marks.

66.    The goodwill embodied in the SMR Marks, and consequently Plaintiff's and/or its subsidiaries' valuable reputation and credibility in the real estate industry, depends on the integrity of the SMR Marks as identification exclusively of a single source.

67.    Plaintiff believes that Defendants' use, advertising, offering and provision of its services under the www.lakewoodranchsales.com term has or is likely to cause confusion, cause initial interest confusion, or to cause mistake, or to deceive the public into believing that Defendants' services originate with Plaintiff, are associated with Plaintiff, are sponsored by Plaintiff, are offered with the approval of Plaintiff, or are offered under Plaintiff's supervision and control.

68.    Defendants' use of the www.lakewoodranchsales.com term was without Plaintiff's authorization or consent.

69.    On information and belief, Defendants' actions and conduct as referred to herein are and were willful and deliberate.

70.    The foregoing acts of Defendants are likely to deceive and cause confusion of the public, and constitute infringement of Plaintiff's rights in and to one or more of the SMR Marks under Florida Common Law.

**COUNT VI**
COMMON LAW UNFAIR COMPETITION

71.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

72.    On information and belief, Defendants have willfully and knowingly committed the acts recited above with intent to confuse, deceive, and mislead.

73.    By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in common law unfair competition with Plaintiff.

74.     Plaintiff has no adequate remedy at law.

**COUNT VII**
FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION
FLORIDA STATUTE 495.151

75.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

76.     Defendants' acts, as alleged herein, have caused, and are likely to cause, damage to Plaintiff by tarnishing SMR's valuable reputation and by diluting the distinctiveness of SMR's Marks in violation of Florida Statutes 495.151 et seq.

77.     Defendants' acts, as alleged herein, have caused irreparable injury to SMR, and, unless restrained, will continue to do so. As a result, Plaintiff has suffered damages with interest.

**COUNT VIII**
VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT
(15 U.S.C. §1125)

78.     Plaintiff re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 22 above.

79.     This is an action under 15 U.S.C. §1125(d) for Violation of Anticybersquatting Consumer Protection Act ("ACPA").

80.     SMR is the owner of United States Trademark Registration No. 2,155,900 for the service mark LAKEWOOD RANCH.  This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register.  A copy of this registration is attached hereto as Exhibit A.  SMR has used the service mark LAKEWOOD RANCH® in connection with real estate management services and real estate development services.

81.     SMR is also the owner of United States Trademark Registration No. 2,155,899 for the service mark LAKEWOOD RANCH® (stylized with design).  This service mark has been in continuous use in interstate commerce since at least as early as December 27, 1994, and was registered on May 12, 1998, on the Principal Register.  A copy of this registration is attached hereto as Exhibit B.  SMR has used the service mark LAKEWOOD RANCH® (stylized with design) in connection with real estate management services and real estate development services.

82.     SMR is the owner of the www.lakewoodranch.com domain.

83.     As a result of SMR's longstanding use, substantial sales, significant advertising and promotional activities, and distribution of such efforts throughout the United States, the LAKEWOOD RANCH®, LAKEWOOD RANCH® (stylized with design) marks and www.lakewoodranch.com have become well known and accepted by the consuming public.  The LAKEWOOD RANCH®, LAKEWOOD RANCH® (stylized with design) marks and www.lakewoodranch.com serve to distinguish SMR's property management and real estate services from those of others.

84.     SMR, through its own significant efforts and investments, has acquired and now enjoys substantial goodwill and a valuable reputation through the LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks.

85.     The goodwill embodied in SMR's LAKEWOOD RANCH® and LAKEWOOD RANCH® (stylized with design) marks, and consequently SMR's valuable reputation and credibility in the real estate industry, depends on the integrity of SMR's LAKEWOOD RANCH® and LAKEWOOD RANCH® marks as identification of SMR exclusively as a single source.

86.    Plaintiff believes Defendants intend to continue to use, advertise, offer for sale and promote their real estate services under the www.lakewoodranchsales.com domain which is likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendants' real estate services originate with SMR, are offered with the approval of Plaintiff, or are offered under Plaintiff's supervision and control.

87.    Defendants' use of SMR's Marks was and is without Plaintiff's authorization or consent.

88.    On information and belief, Defendants' actions and conduct as referred to herein are and were willful and deliberate.

89.    Defendants' actions violate the exclusive rights of Plaintiff protected by Title 15 U.S.C §1111 et seq.

90.    Defendants' actions described above constitute, inter alia, service mark infringement, as well as unfair competition, which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and quality of Defendants' services in violation of 15 U.S.C. §1114.

91.    On information and belief, on or about August 4, 2017, Defendants reserved the www.lakewoodranchsales.com domain name. The domain name is confusingly similar to one or more of the SMR Marks and such use and registration constitute cybersquatting under the ACPA.

92.    Defendants have, with a bad faith intent to profit from their actions, trafficked in and used a domain name that is confusingly similar to the SMR Marks, and such domain is identical or confusingly similar to or dilutive of one or more of the SMR Marks.

93.    Pursuant to 15 U.S.C. §1116(a), SMR is entitled to injunctive relief preventing further violations of the ACPA.

94.    The domain name registered and used by Defendants should be forfeited, cancelled or transferred to SMR pursuant to 15 U.S.C. §1125(d)(1)(C).

95.    Plaintiff is also entitled to compensatory and/or statutory damages pursuant to the ACPA.

## COUNT IX
SPECIFIC PERFORMANCE

96.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

97.    This is an action for specific performance of a written agreement.

98.    On or about February 22, 2022, VIZZACCARO agreed in writing to:

- Destroy all advertising and/or business materials, including, but not limited to flyers, business cards, stationery, writing utensils, and marketing materials, containing SMR's marks or any term or logo confusingly similar thereto.

- Remove all reference to the infringing uses from any websites, including VIZZACCARO'S social media (e.g., Facebook pages, Twitter, etc.) and any websites.

- Transfer the www.lakewoodranchsales.com domain name registration to SMR, which would be accomplished within 2-3 months.

99.    In exchange for VIZZACCARO's agreement, SMR did not file suit or seek to enjoin Defendants' actions.

100.    Although Defendants initially complied with the first two terms of the agreement, VIZZACARRO has failed to transfer the www.lakewoodranchsales.com domain name registration to SMR.

101.    VIZZACCARO is continuing to offer services under the www.lakewoodranchsales.com domain without authority or license from SMR.

102.    SMR has no adequate remedy at law.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for:

A.    A declaration that Defendants' actions constitute infringement of one or more of SMR's Marks under the Lanham Act.

B.    A declaration that Defendants' actions constitute infringement of one or more of SMR's Marks.

C.    A declaration that Defendants' actions constitute cybersquatting under the Lanham Act.

D.    An award of damages for trademark infringement, including pre-judgment and post-judgment interest, and costs and attorney fees against Defendants.

E.    An award to SMR the greater of its actual damages, Defendants' profits or statutory damages, costs and attorney fees as provided by 15 U.S.C. §1117 in a sum in excess of Seventy-Five Thousand Dollars ($75,000).

F.    An award to SMR of enhanced, exemplary, or treble damages threefold its actual damages pursuant to 15 U.S.C. §1117.

G.    An order or judgment requiring Defendants, Defendants' officers, agents, servants, employees, affiliated companies and attorneys, and all those persons in concert or participation with it to

(1)    be preliminarily and permanently enjoined and restrained from: (a) infringing any of the SMR Marks or any term confusingly similar thereto; (b) offering, promoting, advertising or providing any services in such a manner as to expressly state or imply that Defendants' services are affiliated with or sponsored by either of Plaintiff's; (c) engaging in unfair and illegal acts of competition; (d) unfairly competing with SMR in any manner whatsoever, and offering, advertising including print and electronic or internet advertising, or providing services under the www.lakewoodranchsales.com domain  name in a manner which causes confusion, mistake or is deceiving; (e) purchasing or using the SMR Marks or any marks or terms that are confusingly similar to any of the SMR Marks as domain names, as keywords in any Internet search engine advertising programs or as metatags for any website.

(2)    recall all copies of catalogs, brochures, or promotional materials containing advertisements that infringe said SMR Marks or constitute false designations of origin, false descriptions and representations;

(3)    deliver to SMR, for destruction, all undistributed and returned copies of such brochures, catalogs, or promotional materials;

(4)    direct Defendants to cease any present or future publication or use of any website using the **www.lakewoodranchsales.com** domain name, LAKEWOOD RANCH or any of the SMR Marks or any terms confusingly similar thereto;

(5)    take whatever actions are necessary at Defendants' expense, to transfer the **www.lakewoodranchsales.com** domain name to SMR;

19

(6)     implement the SMR Marks and all confusingly similar variations and misspellings thereof as negative keywords in all of their search engine advertising campaigns;

(7)     certify, in writing, the steps taken to comply with the Order;

(8)     award SMR its damages and including an accounting for Defendants' profits by reason of such acts of infringement, unfair competition and dilution;

(9)     order an increase in the award of damages up to three times such amount;

(10)    award SMR its reasonable attorney fees; and

(11)    award such other monetary and equitable relief as this Court may find just, according to the circumstances of the case.

H.     An order or judgment requiring VIZZACCARO to specifically perform the agreement including, without limitation, transferring the www.lakewoodranchsales.com domain registration to SMR.

I.     An order or judgment awarding any and all other damages (based on common law, statutory or in equity), costs and expenses and other relief pursuant to any of the aforementioned counts to which Plaintiff is entitled and as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury on al issues triable by a jury.

Dated:       January 31, 2023

Respectfully submitted,


HARLLEE & BALD, P.A.

By:   /s/ Kimberly A. Bald
          KIMBERLY A. BALD (Lead Counsel)
          FBN: 434190
          BRIAN L. TRIMYER
          FBN: 183792
          202 Old Main Street
          Bradenton, FL  34205
          Telephone: (941) 744-5537
          Facsimile: (941) 744-5547
          *Counsel for Plaintiff, Schroeder-Manatee Ranch, Inc.*

                        and

          JACOX, MECKSTROTH & JENKINS
          Matthew R. Jenkins, Esquire
          FBN: 570931
          1205 Manatee Avenue West
          Bradenton, Florida 34205
          Telephone (941) 388-9532
          Facsimile (800) 298-7418
          *Co-Counsel for Plaintiff, Schroeder-Manatee Ranch, Inc.*